644 S.E.2d 53

**In the Matter of Kenneth S. ROPER, Respondent.**

**No. 26300.**

Supreme Court of South Carolina.

Submitted March 12, 2007.

Decided April 9, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Kenneth Scott Roper, of Liberty, Pro Se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the issuance of a public

reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

### Facts

Respondent closed an equity line of credit for a client and the client's wife. The client informed respondent his wife was unable to attend the closing, after which respondent allowed the client to leave the closing and take the documents home to have his wife sign them. Respondent had no reason to question the client's honesty or trustworthiness, as respondent and the client had known each other since childhood, attended church together, the client was a law enforcement officer and member of city council, and respondent had worked with the client when respondent was an assistant solicitor and, later, a city attorney. However, the client's wife alleged she had no knowledge of the loan and that the client forged her name to the documents when he left respondent's office.

Respondent signed as witness to the signature of the client's wife on the closing documents despite the fact that he had not witnessed her signature. In doing so, respondent gave false and misleading information on a document, record, report or form required by the laws of this state. A member of respondent's staff notarized the documents despite the fact that all of the signatures had not occurred in her presence.

### Law

Respondent admits that his conduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (a lawyer shall not violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding the professional conduct of lawyers) and Rule 7(a)(6) (it shall be a ground for discipline for a lawyer to violate the oath of office taken upon admission to practice law in this state). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 4.1(a) (in the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct);

Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.